# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 2:01CR10045 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **WILLIAM BOGGS,** | ) | By: James P. Jones |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

*William Boggs, Pro Se Defendant.*

The defendant, William Boggs, who was sentenced by this court on January 30, 2002, has submitted a Notice of Appeal and a pleading that I have construed as a Motion to Reopen the Time to Appeal. Upon review of the record, I find that the motion must be denied.

Boggs claims that he told his attorney after sentencing to file a notice of appeal and that for more than five years after sentencing, he believed that counsel had done so and that an appeal on his behalf was still pending before the court of appeals. Now that he has discovered that no notice of appeal was filed, he wishes to appeal and asserts that the court has inherent authority to reopen or extend the time allotted for him to file a notice of appeal.

Boggs's arguments have no merit. Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure mandates that a notice of appeal from a federal criminal

judgment must be filed within ten days from entry of the judgment. Subsection 4(b)(4) authorizes the district court, "[u]pon a finding of excusable neglect or good cause, . . . [to] extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)."[1] Unlike Rule 4(a), which governs only appeals from civil judgments, Rule 4(b) does not include a provision allowing the court to reopen the time for filing a notice of appeal from a criminal judgment. The time periods presented in Rule 4(b) are mandatory and jurisdictional. *United States v. Raynor*, 939 F.2d 191, 196 (4th Cir. 1991); *see also United States v. Alvarez*, No. 07-4165, 2007 WL 2320063 (4th Cir. Aug. 15, 2007) (unpublished) (finding that district court erred in granting defendant an extension to file notice of appeal exceeding time periods in Rule 4(b), based on allegations that defendant thought counsel had filed a notice of appeal). Thus, under the rules governing this criminal case, I cannot grant Boggs a renewed opportunity to file a notice of appeal.[2]

---

[1] Under Fed. R. App. P. 4(b), at the most, I could have granted Boggs until mid-March 2002 in which to file a timely notice of appeal.

[2] Boggs is advised that his claim alleging ineffective assistance of counsel in failing to file a notice of appeal after being requested to do so may be actionable in a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C.A. § 2255 (West 2006). However, Boggs would need to prove why such a § 2255 claim would not be untimely, pursuant to § 2255 para. 6.

-2-

For the stated reasons, it is hereby **ORDERED** that the Motion to Reopen the Time to Appeal is hereby DENIED.

ENTER: September 6, 2007

/s/ JAMES P. JONES
Chief United States District Judge